**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4777**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

FURMAN BENJAMIN QUATTLEBAUM,

        Defendant – Appellant,

    and

RANDY MARTIN; LUTHER BRYAN; ALISIA H. AKBAR; LACARIA BROWN;
GEORGEAN MCCONNELL; GUSSIE D. NOLLKAMPER; FLORENCE
NOLLKAMPER; CHRISTOPHER M. MORRIS; LAVACA COUNTY TEXAS;
JOSEPH E. MCCONNELL; JOHN M. WARTHER; WELLS FARGO HOME
MORTGAGE, INCORPORATED; CHERYL L. AMAKER; DONNA C. ADKINS;
CHASE MANHATTAN MORTGAGE CORPORATION,

        Parties-in-Interest.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:02-cr-00548-CMC-17)

Submitted:  April 6, 2011        Decided:  April 12, 2011

Before NIEMEYER and DUNCAN, Circuit Judges, and John Preston
BAILEY, Chief United States District Judge for the Northern
District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, Beaufort, South Carolina, for Appellant. William N. Nettles, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Furman Benjamin Quattlebaum was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to life in prison. Quattlebaum appealed, challenging his conviction and sentence. We affirmed Quattlebaum's conviction and rejected claims relating to his sentence, but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished) ("Davis I").

On remand, the district court imposed a 300-month variant sentence and Quattlebaum timely appealed. Quattlebaum asserts that the district court erred when it calculated his Guidelines range on remand because, according to Quattlebaum, the district court was required to apply the 2007 Amendments to U.S. Sentencing Guidelines Manual § 2D1.1 cmt. 10(D) (2008) (setting forth method for determining base offense level in offenses involving cocaine base and other controlled substances). Quattlebaum also asserts that defense counsel rendered ineffective assistance when he failed to object to the district court's allegedly improper Guidelines range calculation

3

on remand. Finding no error, we affirm the district court's judgment.

We find that any arguments pertaining to the calculation of Quattlebaum's Guidelines range are barred from this court's consideration under the mandate rule; Quattlebaum either previously raised his objections at his original sentencing and on his first appeal, or could have raised them but did not. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court[,]" as well as "issues decided by the district court but foregone on appeal").

Moreover, "the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal citation and quotation marks omitted)). The law of the case must be applied:

> in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or

4

(3) the prior decision was clearly erroneous and would work manifest injustice.

Id. (internal citation and quotation marks omitted); see Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions).

This court's mandate in Davis I directed the district court to resentence Quattlebaum under a non-mandatory Guidelines regime, taking into consideration the 2007 crack cocaine Amendments to the Sentencing Guidelines, if applicable. See Davis, 270 F. App'x at 248, 256 & n.16. Because Quattlebaum raises no claims that fall within any of the exceptions to the law of the case doctrine, and since the 2007 Amendments had no effect on his Guidelines range, Quattlebaum's challenge to his Guidelines range calculation is foreclosed by the mandate rule.[*]

Accordingly, we affirm the district court's 300-month variant sentence imposed on remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although Quattlebaum also asserts that defense counsel was ineffective for failing to object to the district court's Guidelines range calculation on remand, given the lack of merit of such an objection, the record does not conclusively establish ineffective assistance. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

5